# EXHIBIT A

| SMALL CLAIMS WRIT AND NOTICE OF SUIT | This form is available in other language(s). | STATE OF CONNECTICUT SUPERIOR COURT SMALL CLAIMS SESSION |
|---|---|---|
| JD-CV-40 Rev. 11-24 C.G.S. §§ 51-15, 51-345(g) | | www.jud.ct.gov |

**1.) Address of Court**
235 Church st, New Haven, CT 06510

**2.) Case type code** *(See list on reverse page 1)*
S15

**3.) Is this claim between a landlord and a tenant?** *(Select one)* ☐ Yes ☒ No

**4.) If "Yes" to question #3, the rental property is located in the following town:** _____

| Parties | Name *(Last, First, Middle Initial)* and Address of Each Party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | | |
|---|---|---|---|
| **5.) First plaintiff** | **Name:** Devin J Martin<br>**Address:** 144 Goffe Terrace, New Haven, CT 06511<br>**Telephone:**   **E-mail:** | *(Select one)* ☒ Individual ☐ DBA<br>☐ Business Organization | P-01 |
| **6.) Name, address, and zip code of Attorney for plaintiff(s)** | | **Attorney's Juris Number** | **Telephone number** *(w/area code)* |
| **7.) First defendant** | **Name:** Portfolio Recovery Associates, LLC ("PRA, LLC")<br>**Address:** 120 Corporate Boulevard, Norfolk, VA 23502<br>**Telephone:**   **E-mail:** | *(Select one)* ☐ Individual ☐ DBA<br>☒ Business Organization | D-01 |

☐ For more than 1 plaintiff/defendant, attach Continuation of Parties (form JD-CV-67) and *select this box.*

**8.)** If this claim is a consumer debt, which is a debt or obligation made primarily for personal, family, or household reasons, explain why you believe the statute of limitations has not expired.

**9.)** In the last 6 months, how did you verify that the address given for defendant(s) is accurate?
*Select all boxes that apply and provide the dates verified.*

☐ I checked town or city records (for example, checking a street list or tax records) on: *(date)* _____

☐ I checked with the Department of Motor Vehicles on: *(date)* _____

☒ I received correspondence (letters or other mail) from the defendant with that return address on: *(date)* **09/19/2025**

☒ I received other proof from the defendant that the address is current *(describe details below)*
   On Nov 10, 2025 Plaintiff confirmed by phone with a PRA, LLC representative that all legal correspondence is accepted at 120 Corporate Blvd, Norfolk, VA 23502

☐ At least 4 weeks before this action was filed, I sent a letter by first class mail to the defendant at the address used and it has not been returned to me by the United States Postal Service as of: *(date)* _____

**10.) Amount claimed***
$5,000.00

**Plus Costs**

☐ Plus pre-judgment interest**
☐ Plus double damages for security deposit withheld**

****You MUST explain how much you want for each item in section 11 below.**

*The Amount claimed cannot exceed $5,000 or $15,000 for a home improvement contract case (S20).
*If you are claiming pre-judgment interest or double damages for security deposit withholding, select the box(es). Do not include these amounts in box 10.

**To defendant(s):**

**11.) You are being sued.** The plaintiff(s) claims you owe this money for the following reasons:
   **SEE ATTACHMENT**

*Judicial District of New Haven*
**SUPERIOR COURT**

The person signing below, being duly sworn, states that he or she has read the claim above and the information contained in this form and, to the best of his or her knowledge, information and belief, there is good ground to support the claim and the information is true.

**12.) Signed:** [signature]

**Type in name of person signing at left and title, if applicable**
Devin J Martin

**For Court Use Only** *(Date/Stamp)*
FILED DEC 01 2025
CHIEF CLERK'S OFFICE

Subscribed and sworn to before me on **Date** 11/28/25

**Signed** (Clerk, Notary, Commissioner of the Superior Court) [signature]

Rcpt# 0256260

For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/

**Docket Number**
CV25506540-S

[ Print Form ]   [ Reset Form ]

Attachment to JD-CV-40 – Statement of Claim and Supporting Facts

Plaintiff: Devin J. Martin

Address: 144 Goffe Terrace, New Haven, CT 06511

Telephone: (347) 372-3451

Email: devmartin219@gmail.com

Defendant: Portfolio Recovery Associates, LLC

Address: 120 Corporate Boulevard, Norfolk, VA 23502

Court: Connecticut Superior Court – Small Claims Division

## Nature of the Claim

This claim arises from Portfolio Recovery Associates, LLC's willful and negligent violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), and Regulation F (12 C.F.R. Part 1006). Defendant unlawfully obtained, reported, and continued to furnish inaccurate and disputed information about an alleged Capital One account without a lawful permissible purpose and without providing required debt validation. Defendant received multiple certified written disputes and a notarized cease-and-desist demand from Plaintiff, yet failed to provide substantive validation to Plaintiff at his current address, continued furnishing disputed information to consumer reporting agencies, and engaged in repeated communications and harassing phone calls. Defendant also relied on correspondence they claim to have sent to an address that does not belong to Plaintiff and at which Plaintiff has never lived or received mail, depriving Plaintiff of required notice. Defendant further admitted in writing that the alleged debt is time-barred — stating "Because of the age of your debt, we will not sue you for it," and adding "This communication is from a debt collector but is not an attempt to collect a debt." Despite that admission, Defendant continued furnishing and verifying the disputed account to consumer reporting agencies after receiving disputes. That conduct amounts to unlawful collection and reporting activity in violation of the FCRA and FDCPA. As a result, Plaintiff suffered damage to credit reputation, denial of credit opportunities, emotional distress, and expense and time spent correcting the record. Plaintiff seeks statutory and actual damages, deletion of the inaccurate account, court costs, and any other relief the Court deems proper.

## Chronological Summary of Facts (Exhibit A)

1. July 2, 2025 – Plaintiff's First Written Dispute and Demand for Validation (Delivered July 18, 2025).

Plaintiff mailed a certified written dispute to Defendant demanding validation of an alleged Capital One account and proof of permissible purpose under 15 U.S.C. § 1681b(f). The dispute was delivered July 18, 2025 (USPS tracking: 9207190235890900032851667). Defendant failed to respond within the statutory period.

Violations:

- FCRA § 1681s-2(a)(1)(B): Furnishing information after notice of inaccuracy. • FCRA

  § 1681i(a)(1)(A): Failure to reinvestigate disputed information within 30 days.

- FDCPA § 1692g(b): Failure to cease collection and provide validation after receiving a dispute.

"It is not sufficient that Northland sought Bersaw's credit report in connection with the collection of a debt. The evidence must also show that the debt satisfies the definition of 'account.'" Bersaw v. Northland Group, Inc., No. 14-cv-128, slip op. at *4 (D.N.H. Mar. 11, 2015).
Citation: Bersaw v. Northland Group, Inc., 2015 WL 3822047 (D.N.H. 2015).

2. August 23, 2025 – Plaintiff Filed Complaint with the CFPB.

Due to Defendant's non-response, Plaintiff filed a complaint with the Consumer Financial Protection Bureau, including proof of certified mailing and screenshots documenting multiple unwanted calls from Defendant.

Violation: FDCPA § 1692d(5): Repeated phone calls intended to harass, oppress, or abuse the consumer.

3. September 7, 2025 – Defendant's CFPB Response.

Defendant responded to the CFPB, denied wrongdoing, but stated they would cease

communications and indicated they had marked the account as "disputed." Defendant did not provide to Plaintiff at his current address the documentation Plaintiff requested showing permissible purpose or a consumer-signed account agreement.

Violations:
- FDCPA § 1692g(b): Collector must cease collection until validation is mailed.

- FDCPA § 1692e(8): Prohibits furnishing credit information known to be disputed without notice to credit bureaus.

4. September 19, 2025 – Defendant's Mailed Response and Attached "Validation Letter."

Defendant provided to the CFPB a copy of a letter allegedly sent on March 13, 2024 to 186 Netherland Ave, Staten Island, NY. Plaintiff has never lived at that address and has never received mail or documents at that location. Defendant relied on this correspondence to justify continued reporting.

Violations:

- FDCPA § 1692g(a): Requires a written notice of debt be sent within five (5) days of initial communication to the consumer's current and correct address.

- FCRA § 1681b(a)(2): Accessing or furnishing a consumer's report without permissible purpose or consumer authorization.

- FCRA § 1681s-2(b): Failure to conduct a reasonable investigation after receiving notice of dispute.

    Supporting Case Law:

   "A debt collector cannot rely on its own unverified records to establish a permissible purpose." Searle v. Convergent Outsourcing, Inc., 2014 WL 4471522, at *5 (D. Mass. Sept. 11, 2014).

5. September 30, 2025 – Final Cease-and-Desist and Dispute Notice (Delivered October 7, 2025).

Plaintiff sent a notarized final cease-and-desist and dispute letter by certified mail (Tracking #9589071052702741508613) citing Regulation F (12 C.F.R. § 1006.30(a)), FDCPA § 1692c(c),

and FCRA § 1681s-2(a), demanding deletion of the inaccurate account and cessation of all collection activity. Defendant received this notice October 7, 2025 but did not provide substantive proof to Plaintiff or delete the tradeline.

Violations:
- FDCPA § 1692c(c): Prohibits further communication once the consumer refuses to pay or demands cessation.

- FCRA § 1681s-2(a)(1)(B)(ii): Prohibits furnishing disputed information after notice of inaccuracy.

- FCRA § 1681n & § 1681o: Liability for willful and negligent noncompliance.

- 12 C.F.R. § 1006.30(a): Regulation F prohibits "debt parking" on consumer reports without prior notice.

6. Continuing – Defendant Still Reporting Inaccurate and Disputed Information.

Despite multiple certified disputes, a CFPB complaint, and a notarized cease-and-desist, Defendant continues to furnish the disputed account to credit reporting agencies, causing demonstrable harm to Plaintiff.

Violations:

- FDCPA § 1692e(8): Communicating or reporting credit information known or which should be known to be false.

- FCRA § 1681s-2(b): Failure to correct or delete inaccurate information after receiving notice from the consumer or the CFPB.

## RELIEF REQUESTED

Plaintiff seeks:

1. Immediate deletion of the inaccurate Portfolio Recovery account from all consumer reporting agencies;

2. Statutory and actual damages under 15 U.S.C. §1681n, §1681o, and §1692k (demand: $5,000);

3. Court costs and any other relief the Court deems proper.

STATE OF CONNECTICUT}
} SS: HARTFORD,            DECEMBER 2, 2025
COUNTY OF HARTFORD }

Then and by virtue hereof, on the 2nd day of December, 2025, I made due and legal service on the within named Defendant, **PORTFOLIO RECOVERY ASSOCIATES, LLC,** by leaving a verified true and attested copy of the original **Small Claims Writ and Notice of Suit, Instructions To Defendant, and, Attachments,** with and in the hands of Shelly Kurspaska, duly authorized to accept for Corporation Service Company, Agent For Service for said Defendant, at 225 Asylum Street, 20th Floor, in the City of Hartford.

The within is the original **Small Claims Writ and Notice of Suit, Instructions To Defendant, and, Attachments,** with my doings hereon endorsed.

FEES:

| | |
|---|---|
| Pages | $ 6.00 |
| Endorsements | 1.00 |
| Service | 50.00 |
| Travel | 25.62 |
| Total | $ 82.62 |

ATTEST:

ALEX J. RODRIGUEZ
STATE MARSHAL
HARTFORD COUNTY

Judicial District of New Haven
SUPERIOR COURT
FILED

DEC 11 2025

CHIEF CLERK'S OFFICE